### HOUGH v. IVES.

A recovery against the mortgagor will not affect the title of the mortgagee.

An absolute deed with a private defeasance is fraudulent as to creditors and purchasers.

ACTION of ejectment for a piece of land. Plea — No wrong or disseisin. Issue to the court. The plaintiff's title was the levy of an execution against the defendant, made the 7th of November A. D. 1791.

The defendant set up title under a deed from himself to one Carter, dated the 6th of May, A. D. 1786, at which time Carter gave him a writing in nature of a defeasance to said deed; that if Ives paid a certain execution in favor of Leavensworth, against said Carter for £      within two months, the deed should be void; if not then said Carter was to sell enough of said land to pay said execution and cost, and return the surplus. It appeared that Ives had paid said execution by the hand of Esquire Hall.

The court found that the defendant had done wrong, etc. and gave judgment for the plaintiff to recover; and that upon two grounds. 1st. This recovery will not affect Carter's right or interest whatever it may be. 2d. The defeasance was a private transaction between the parties, and however it may be obligatory upon them, is fraudulent as to creditors, and the land is liable to be taken as Ives's estate, notwithstanding the deed to Carter, which appeared to be an absolute deed, when it was a deed in trust, and imported a falsehood upon the record: Further it appeared that the condition in the defeasance was performed by payment to Leavensworth.